UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VICTOR KARP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01531-JRS-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| JAY HALL, | ) | |
| ROBIN FEATHERSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON CERTAIN PENDING MOTIONS

This matter is before the Court on Defendant Jay Hall's motion to dismiss, filed on October 22, 2020, and other associated motions. Dkts. 44, 62, 67, 69.

Plaintiff Victor Karp is confined at the Correctional Industrial Facility ("CIF"). He names three defendants in his Amended Complaint: 1) Warden Wendy Knight; 2) Jal Hall, Meritor Supervisor; and 3) Robin Featherston, Plant Manager at CIF. Dkt. 13.

### Defendant Hall's Motion to Dismiss

Defendant Hall moves to dismiss the claims against him under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the factual matter alleged in the complaint. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "On a motion to dismiss, we accept all well-

1

pleaded facts as true and draw all reasonable inferences in the plaintiff's favor." *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021).

Mr. Karp alleges that in February 2020, he began working at the industrial brake shop located at CIF, operated by Meritor. Dkt. 13 at 4. He alleges that he was responsible for de-lining brake shoes, which caused an enormous amount of brake dust. He was given two dust masks at the start of every ten-hour shift, however, the masks were not adequate to protect him against toxic dust when performing his job duties. *Id*. He alleges the dust produced in the brake shop caused him to have "a sinus infection, nosebleeds, sore throat, cough and plaintiff was seen by medical and missed scheduled work due to breathing in the thick black dust." *Id*.

Mr. Karp further alleges that Knight, Featherston, and Hall were made aware of his concerns regarding the masks, however they responded to his grievances by informing him that a third party company conducts annual tests of the air quality in the brake shop, and these tests found that masks were not required. *Id*. Mr. Karp alleges that the tests were only conducted in the warmer months and did not test for pesticides, poisons, or other hazards picked up on the brake shoes. *Id.*

Mr. Hall argues that the amended complaint does not allege that he is a state actor. Mr. Hall contends that he is a private citizen who is employed not by the State of Indiana or CIF, but by Meritor, a private company contracted to operate a brake shop at CIF. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or laws. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010). Private persons "may not be sued for merely private conduct, no matter how discriminatory or wrongful." *Id.* at 746 (internal quotation omitted).

"Most defendants under § 1983 are public employees, but private companies and their employees can also act under color of state law and thus can be sued under § 1983." *Shields v. Ill.*

*Dep't Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Wyatt v. Cole,* 504 U.S. 158, 161–62, (1992); *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)). Mr. Hall is described in the amended complaint as a "Meritor Supervisor at Correctional Industrial Facility." Dkt. 13 at 1. Moreover, Mr. Hall concedes that his employer has contracted with the government to operate the brake shop. At the pleading stage, these facts support a plausible inference that Mr. Hall acted under color of state law. He may be able to show otherwise at summary judgment after developing the factual record.

Mr. Hall's second basis for dismissal is that Mr. Karp "failed to set forth evidence that his alleged medical need is sufficiently serious." Dkt. 45 at 8. This asks for too much at this stage. The test of sufficiency of a pleading does not require the citation to or provision of evidence. In addition, "the pleading standards for *pro se* plaintiffs are considerably relaxed…." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). *Pro se* complaints are construed liberally and held "to a 'less stringent standard than formal pleadings drafted by lawyers.'" *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Arnett v. Webster,* 658 F.3d at 742, 751 (7th Cir. 2011)).

If Mr. Hall is determined to be a state actor, the amended complaint sufficiently alleges that he was deliberately indifferent to Mr. Karp's health and safety, a claim that is well within the purview of the Eighth Amendment.

Defendant Hall's motion to dismiss, dkt. [44], is **denied.**

Mr. Karp's motion for status of ruling, dkt. [67], is **denied as moot.**

**Plaintiff's Motion for Leave to Amend Complaint**

Mr. Karp seeks leave to amend his complaint a second time to add a claim against defendant Derek Mullins, Safety Hazard Manager at CIF. Dkt. 62-1. Mr. Karp learned of Mr. Mullins' role and authority through discovery. Mr. Mullins is named as a defendant, however, only because of his supervisory position, not because of any personal involvement with Mr. Karp. Therefore, it would be futile to add claims against Mr. Mullins. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Mr. Karp's motion for leave to amend, dkt. [62], is **denied.**

**Plaintiff's Motion for Sanctions**

Mr. Karp's motion for sanctions, filed on March 1, 2021, alleges that Mr. Hall should be sanctioned for asserting what Mr. Karp believes were false statements in the motion to dismiss. The alleged false statements relate to whether any grievance document (attached to the Amended Complaint) was addressed to Meritor or contained Meritor's letterhead. Dkt. 45 at 3. The Court finds that these assertions by Mr. Hall were neither misleading nor inaccurate. Accordingly, Mr. Karp's motion for sanctions, dkt. [69], is **denied.**

IT IS SO ORDERED.

Date:   4/5/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

VICTOR KARP
149143
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Tiaundra Marie Foster
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
tiaundra.foster@ogletree.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Brandon M. Shelton
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
brandon.shelton@ogletreedeakins.com